## HUNTINGTON et al. v. DICKINSON et al.

### (Circuit Court of Appeals, Fourth Circuit. April 18, 1919.)

### No. 1670.

1. JUDGMENT ⬤747(1)—CONCLUSIVENESS—EJECTMENT—PERSONS NOT PAR-
TIES—LANDLORD AND TENANT.

Under Code W. Va. 1913, c. 90, § 35 (sec. 4103), providing that a judgment
in ejectment shall be conclusive as to the right of possession upon the
party against whom rendered and all persons claiming from, through, or
under him, by title accruing after commencement of suit, a judgment
against the tenant, in an ejectment suit to which the landlord is not a
party, does not affect the landlord's title.

2. JUDGMENT ⬤684—CONCLUSIVENESS—PERSONS CONCLUDED.

A judgment in a suit for the purchase money of land, allowing defend-
ant therein credit for a parcel in dispute as for a deficiency, because of
a recovery in ejectment by a third person against vendor's tenant, is not
available as a finding that plaintiff had no such title as vendee was
bound to accept, in a subsequent action to recover the disputed parcel,
brought against those claiming under plaintiff in the ejectment suit.

3. EQUITY ⬤436—COMMISSIONERS' DEEDS—EFFECT.

A release given by a commissioner on order of the court covering a
parcel of land, title to which was in dispute in a suit for the purchase
price, has the effect of a quitclaim deed under Code W. Va. 1913, c. 72, §
3 (sec. 3780).

In Error to the District Court of the United States for the Southern
District of West Virginia, at Charleston; Benjamin F. Keller, Judge.

Action in ejectment by John Q. Dickinson and another against Ara-
bella D. Huntington and others. Judgment for plaintiffs, and defend-
ants bring error. Affirmed.

George J. McComas, of Huntington, W. Va. (Enslow, Fitzpatrick
& Baker, of Huntington, W. Va., on the brief), for plaintiffs in er-
ror.

C. W. Campbell, of Huntington, W. Va. (John F. Brown, of Charles-
ton, W. Va., and G. W. McClintic, of Charleston, W. Va., on the brief),
for defendants in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. In the action of ejectment for several
thousand acres of land, it turned out that the only controversy was
over a triangular parcel containing 400 acres. Jury trial was waived,
and the District Court found for the plaintiff.

On October 24, 1794, Joseph Skiles under a Virginia land warrant
entered 40,000 acres of land in Kanawha county; but the warrant was
not perfected into a grant until June 11, 1798. In the meantime, on
November 11, 1794, John Steele under a like warrant entered 19,500
acres in the same county, and procured a grant therefor on December
1, 1794. By stipulation it was agreed that defendants Arabella D.
Huntington and others had a regular chain of title under the senior
Steele grant of 1794; the plaintiff denying, however, that the land in
controversy was embraced in the grant. It was also stipulated that

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the plaintiffs John Q. Dickinson and Mary D. Dickinson had a chain of title from the junior Skiles grant, embracing the land in dispute, regular in all respects, except in the three particulars mentioned below.

The reasoning of the District Judge leading to the conclusion of fact that the land in controversy was not covered by the Steele grant, and that it was covered by the Skiles grant, is so clear and convincing that nothing of value can be added to it. The defendants contend, however, that even if it be true the land is not covered by the senior grant under which they claim, yet plaintiffs cannot recover possession under the grant to Skiles, for three reasons thus stated by counsel:

"(1) They claim title through and under a deed from D. C. Gallaher, special commissioner, that is not legally sufficient as a muniment of title.

"(2) They claim under John D. Lewis and his heirs, who are estopped to deny the ownership by the plaintiffs in error of the interlock in controversy.

"(3) They are barred from a recovery in this case by a recovery had by C. P. Huntington against John Lewis Taylor, tenant of Norris & Clark, the grantees of John D. Lewis."

For the sake of clearness we take up first the third defense. In July, 1875, Collis P. Huntington, defendants' predecessor in title, recovered by default a judgment in ejectment for the land in dispute against John Lewis Taylor, who entered as a tenant of John D. Lewis, plaintiffs' predecessor in title. Before the judgment in ejectment was obtained by Huntington, Lewis sold about 40,000 acres, including the land in dispute, to Norris & Clark. Neither John D. Lewis nor Norris & Clark were parties to the action of ejectment. But, before the writ in ejectment was executed, first Norris & Clark, and then John Q. Dickinson and Mary D. Dickinson, after they acquired the title of Norris & Clark, intervened in the action of ejectment, and sought to prevent the execution of the writ and secure a review of the judgment, on the ground that as claimants of title and possession they were not bound by the judgment, and should be allowed to appear and defend the action against the tenant. Their applications were denied on the ground that the court had no jurisdiction to open the judgment after the expiration of the term in which it was entered. But in affirming the judgment and denying the applications this court said:

"The conclusion reached is without prejudice to the right of the plaintiffs in error to take such appropriate action as they may be advised to, looking to the recovery of the interests they have, if any, in the property in controversy, and we do not mean to express any opinion regarding such future litigation, or any question that may arise therein."

All the details of the long and complex litigation are set out in the opinion of the District Court and of this court. Dickinson v. Huntington, 185 Fed. 703, 109 C. C. A. 523; Huntington's Devisees v. Taylor (C. C.) 156 Fed. 700.

[1] Section 35 of chapter 90 (sec. 4103) of Code of West Virginia provides as to judgments in ejectment:

"Any such judgment in an action of ejectment shall be conclusive as to the right of possession established in such action, upon the party against whom it is rendered, and against all persons claiming from, through, or under such party, by title accruing after the commencement of such action," etc.

Under this statute this court has held that a recovery in an action of ejectment against a tenant to which the landlord is not a party does not adjudicate the title of the landlord. King v. Davis (C. C.) 137 Fed. 198; Id., 157 Fed. 676, 85 C. C. A. 348. The judgment against the tenant, John Lewis Taylor, therefore, did not affect the title of Norris & Clark, or of John D. Lewis, or the plaintiffs, claiming under them.

[2] In a suit brought by John D. Lewis against Norris & Clark for the collection of the purchase money of the conveyance to them of the large tract of land, Norris & Clark were allowed credit at the acreage price agreed on for the 400 acres in dispute as a deficiency because of the recovery of Huntington against John Lewis Taylor, the tenant. Collis P. Huntington and the defendants claiming under him, not being parties to that suit, would not have been bound had the court held that the title of Lewis was good, and they cannot avail themselves of a finding that Lewis did not appear to have such title as Norris & Clark should be required to accept.

[3] As a result of the deduction of the price of the 400 acres in dispute in favor of Norris & Clark in their litigation with John D. Lewis, the court ordered Norris & Clark "to release" to the heirs of John D. Lewis the parcel of land described in the proceedings as the 400 acres recovered by Huntington. Upon their refusal to comply with the order, the court appointed D. C. Gallaher commissioner, and directed him on behalf of Norris & Clark "to make, acknowledge, and deliver to the heirs at law of John D. Lewis, purchaser at the sale aforesaid, a deed of release." Thereafter Gallaher, commissioner, executed an instrument, as a compliance with the order of the court, in which he undertook to grant and release the land to the heirs of Lewis. It is insisted that the commissioner had no authority to grant, and that a release did not carry the legal title to the heirs of Lewis. The point is disposed of by section 3 of chapter 72 (sec. 3780), Code of West Virginia, providing that a release shall have the effect of a quitclaim deed.

The contention that the land was not sufficiently identified in the order directing the release is equally untenable. There was only one 400-acre tract recovered by Huntington, and that was described in the action of ejectment of Huntington v. John Lewis Taylor.

Affirmed.